341 So.2d 42 (1976)
Succession of Earl H. HINES, Sr.
CALCASIEU-MARINE NATIONAL BANK OF LAKE CHARLES, Appellee,
v.
Juanita Slocum HINES, Appellant-Appellee,
Wilburn Ray Hines et al., Appellants-Appellees.
No. 5734.
Court of Appeal of Louisiana, Third Circuit.
December 21, 1976.
Rehearing Denied January 26, 1977.
*43 Moise W. Dennery of McCloskey, Dennery & Page, New Orleans, for respondents-appellants.
Collings & Collings by Robert L. Collings, Lake Charles, for respondent-appellee-appellant.
Stockwell, Sievert, Viccellio & Clements by Scott Pias, Lakes Charles, for executor-appellee.
King & Ricketts by C. A. King, II, Lake Charles, for respondent-appellee.
Before HOOD, DOMENGEAUX, and HUMPHRIES, JJ.
DOMENGEAUX, Judge.
Several parties appeal from a declaratory judgment interpreting certain provisions of the Last Will and Testament of Earl H. Hines. The testator herein died on December 12, 1973, leaving a complicated and detailed Will which, among other things, bequeathed a large portion of stock to the Calcasieu-Marine National Bank of Lake Charles, as trustee, to be administered for the benefit of Juanita Slocum Hines, the surviving spouse, as beneficiary. The Will also named the Calcasieu-Marine National Bank as executor.
The aforementioned stock held in trust by the bank earned considerable cash dividends between the date of testator's death and the time at which demand for said income was made upon the bank by Mrs. Hines, the beneficiary. The bank requested the court to determine the ownership of said dividends. Mrs. Hines and the bank maintained that the former is entitled to the dividends while the forced heirs contend that said income belongs to them as residuary legatees.
*44 The bank further petitioned the court for a judicial interpretation of Article One of the testament which reads as follows:
"Should there be any Inheritance, Estate or other taxes due because of the inclusion of the proceeds of any life insurance policy in my estate, then I wish the named beneficiary of such policy or policies, if any, to pay the proportionate share of such tax caused by inclusion of such insurance proceeds in the computation of that tax. I desire that the burden of all other debts, costs of administration and any Federal Estate or Transfer Taxes owing or payable by my estate or succession and all Louisiana Inheritance or Estate Taxes shall be paid out of the residue of my estate. Therefore, the bequests set forth in Articles 2 through 5 hereof shall be free from the burden of any such obligations."
Mrs. Hines contends that the testator's intent, as evidenced by Article One, was that all debts of the community existing between herself and the testator should be paid from the latter's estate. The testator's children and residuary legatees herein, Wilburn Ray Hines, William H. Hines, and John D. Hines, argue that the testator's estate should be charged only with his portion of the community debts.
The learned trial judge found that the testator did not intend that the entire debt of the community be paid out of his estate and further ruled that the income from the stock dividends belonged to Mrs. Hines. We affirm.

THE TRUST AND THE STOCK DIVIDENDS
The residuary legatees' primary argument is based upon the provisions of LSA-C.C. Articles 1626 and 1630, which provide:
"Art. 1626. Rights of particular legatee, demand for delivery
Art. 1626. Every legacy under a particular title gives to the legatee, from the day of the testator's death, a right to the thing bequeathed, which right may be transmitted to his heirs or assigns; and this takes place as well in testamentary dispositions, universal or under a universal title, as in those made under a particular title.
Nevertheless, the particular legatee can take possession of the thing bequeathed, or claim the proceeds or interest thereof, only from the day the demand of delivery was formed, according to the order hereinbefore established, or from the day on which that delivery was voluntarily granted to him.
Art. 1630. Demand for delivery, persons upon whom made
Art. 1630. The delivery of legacies under a particular title must be demanded of the testamentary executor, who has the seizin of the succession. If the testamentary executor has not the seizin, or if his functions have expired, the legatees must apply to the heirs."
The trustee and beneficiary contend that the situation presented herein is controlled by LSA-C.C. Article 1628:
"Art. 1628. Executor as legatee, demand for delivery unnecessary; restitution for payment of debts
"Art. 1628. Neither is the testamentary executor, who has the seizin of the effects of the succession, and who is at the same time a legatee, bound to demand the delivery of his legacy; he can retain it in his possession subject to the same restitution."
The scheme of the above cited codal provisions can be simply stated as follows: The particular legatee may claim the income or proceeds from his legacy only from the date on which demand for delivery of the legacy is made upon the testamentary executor or the heirs who have seizin thereof, unless the testamentary executor and legatee are the same person, in which case demand is unnecessary.
The bank and Mrs. Hines maintain that the former is both the testamentary executor and legatee of the property in trust while the residuary legatees argue that Mrs. Hines is the particular legatee of same. Thus, a finding of exactly who is the *45 particular legatee is crucial to a determination of the necessity of demand for the legacy and a subsequent right to income therefrom.
LSA-R.S. 9:1731 defines a trust as follows:
"§ 1731. Trust defined
A trust, as the term is used in this Code, is the relationship resulting from the transfer of title to property to a person to be administered by him as a fiduciary for the benefit of another." (Emphasis added)
The definition of a trustee is provided in LSA-R.S. 9:1781:
"§ 1781. Trustee defined
A trustee is a person to whom title to the trust property is transferred to be administered by him as a fiduciary." (Emphasis added)
Additionally, LSA-C.C.P. Articles 699 and 742 provide, respectively, that the trustee is the proper plaintiff and defendant in any action to enforce a right or obligation in behalf of or against a trust estate.
The above quoted statutory provisions (particularly the Trust Code articles) clearly indicate that actual title to the property in trust is transferred from the settlor to the trustee, not to the beneficiary. See also the case of St. Charles Land Trust, Achille Guibet v. St. Amant, 253 La. 243, 217 So.2d 385 (1969). In fact, under the Code of Civil Procedure, the beneficiary lacks even a right of action to enforce rights of the trust estate, save certain remedies against the trustee for breach of its fiduciary obligation.
Thus, we must conclude that the particular legatee herein of the stock held in trust is the trustee itself and not the beneficiary. For that reason it was unnecessary for the bank (as particular legatee) to make demand upon itself (as testamentary executor) for delivery of the stock in trust, and consequently, the dividends therefrom belong ultimately to the beneficiary, Mrs. Hines. See LSA-C.C. 1628, Succession of Ames, 33 La.Ann. 1317 (1881), and Succession of Brunies, 209 La. 629, 25 So.2d 287 (1946).
The residuary legatees argue that the case of Succession of Stewart, 301 So.2d 872 (La.1974) holds that the beneficiary and particular legatee of a testamentary trust are one and the same person. The Stewart case is factually distinguishable from the instant litigation, and the statement therein relied upon by the residuary legatees is arguably dictum.
Thus, the interpretation of Stewart propounded by the residuary legatees is not controlling in the case at hand and has no bearing herein.
Assuming arguendo that Mrs. Hines was actually the particular legatee of the stock in trust, we find, for an additional reason, that her demand for delivery of same was not required in this case. LSA-C.C. Article 1631 provides as follows:
"Art. 1631. Interest or proceeds of thing bequeathed, rights of legatee
Art. 1631. The interest or proceeds of the thing bequeathed shall accrue to the benefit of the legatee, from the day of the decease, without his having brought suit for the same:
1. When the testator has expressly declared in his will to that effect;
2. When an annuity or pension has been bequeathed by way of maintenance."
Our Supreme Court has held this Article applicable to cash dividends paid on a legacy of shares of stock. See Succession of Quintero, 209 La. 279, 24 So.2d 589 (La.1946).
Therefore, under any circumstances, we find that demand by the beneficiary herein for delivery of the stock (dividends) was unnecessary.

INTERPRETATION OF ARTICLE ONE OF THE TESTAMENT
In interpreting the previously quoted Article One of the testament the trial judge stated:

*46 "There is nothing in this Article to indicate that the decedent intended that his widow retain her one-half interest in any other property belonging to the community without being subject to payment of the community debts. Had he so intended, certainly this elaborate will would have contained such a provision."
We are compelled to agree with the trial judge's conclusion on the issue. In our opinion, the testator merely intended that the disposition provided for in Articles Two through Five of the Will be free from the responsibility of payment for any:
"debts, costs of administration and any federal estate or transfer taxes owing or payable by my estate or succession and all Louisiana inheritance or estate taxes...."
Articles Two through Five of the Will provide, respectively: A grant of the usufruct of the family home to Mrs. Hines, the naked ownership thereof to the Methodist Home for Unmarried Girls in New Orleans, the family automobiles to Mrs. Hines, and the aforementioned stock in trust to Calcasieu-Marine National Bank. Had the testator desired that all community debts be paid by his estate, a simple statement to that effect would have required little effort on his part. Rather, the testator speaks of "all ... debts, ... owing or payable by my estate or succession . .". (Emphasis added). The careful wording of such a meticulously prepared document cannot be easily disregarded, and we find no basis therein for the interpretation proposed by Mrs. Hines. Accordingly, we affirm the trial judge on this issue and hold that Mrs. Hines' portion of the community debts must be paid by her.
For the above and foregoing reasons the judgment of the district court is affirmed in all respects. Costs at trial and on appeal of this declaratory judgment action are assessed one-half against the beneficiary-particular legatee, Mrs. Juanita Slocum Hines, and one-half against the residuary legatees, Wilburn Ray Hines, William G. Hines, and John D. Hines.
AFFIRMED.