356 So.2d 1083 (1978)
Succession of Willard H. KILPATRICK.
The BOARD OF TRUSTEES FOR STATE COLLEGES AND UNIVERSITIES of the State of Louisiana and the Board of Supervisors of Louisiana State University, the First National Bank of Shreveport, Plaintiffs-Appellants,
v.
Arnold R. KILPATRICK et al., Defendants-Appellees.
No. 13472.
Court of Appeal of Louisiana, Second Circuit.
February 20, 1978.
Rehearing Denied April 4, 1978.
Writ Refused June 2, 1978.
*1084 Campbell, Campbell & Johnson by James M. Johnson, Minden, for Bd. of Trustees and Bd. of Supervisors, plaintiffs-appellants.
Blanchard, Walker, O'Quin & Roberts by Neilson S. Jacobs, Shreveport, for plaintiffappellant, First National Bank of Shreveport.
Baker, Culpepper & Brunson by William H. Baker, Jonesboro, for defendants-appellees.
Before BOLIN, HALL and JONES, JJ.
En Banc. Rehearing Denied April 4, 1978.
BOLIN, Judge.
From a judgment sustaining exceptions of no right and no cause of action to their petition to annul a probated testament of Willard H. Kilpatrick, plaintiffs appeal. We reverse in part and remand.
The Succession of Willard H. Kilpatrick was opened on February 8, 1977, and the contested will dated January 16, 1977 was filed and probated ex parte by the two executors named in that will.
Less than three months later plaintiffs filed this action against the two executors and the universal legatee under the probated will, asking the court to annul that will and set aside the order probating it. Additionally, plaintiffs sought judgment: (1) recognizing an earlier testament dated September 16, 1976 to be the last testament of decedent; (2) admitting that will to probate and ordering same to be executed.
Plaintiffs are The First National Bank of Shreveport, named executor of the 1976 will and trustee of the trust established in that will; the Board of Trustees for State Colleges and Universities of the State of Louisiana; and the Board of Supervisors of Louisiana State University, the latter two representing universities named in the testamentary trust established in the 1976 will.
The basis for plaintiffs' cause of action for nullity of the 1977 will is that on the date it was confected the decedent was hospitalized with terminal cancer; that he lacked the physical and mental capacity to make a will; that the will, which purported to be a nuncupative will by private act, was not confected in accordance with law. It is readily apparent from reading the petition that plaintiffs have stated a cause of action for nullity.
Defendants' exception of no right of action is based on the premise that plaintiffs have no real or actual interest in the proceeding since they are not "heirs" or beneficiaries under the 1976 will; that they must *1085 prove they would inherit from decedent if the 1977 will is successfully attacked.
The two contentions may be consolidated into one principal issue: do plaintiffs have a justiciable interest under Louisiana Code of Civil Procedure Article 2972?
An opposition to the petition, motion, or other application of a party to a succession proceeding for an order or judgment of the court shall be in writing and be filed within the delay allowed. It shall comply with the provisions of Articles 853 through 863; shall state the name, surname, and domicile of the opponent; shall allege the interest of opponent in filing the opposition, and the grounds for opposing the petition, motion, or other application; and shall conclude with a prayer for appropriate relief.
* * * * * *
Official Revision Comments
* * * * * *
(b) No person should be permitted to file an opposition in a succession proceeding unless he has a justiciable interest in doing so. The definition of this interest has been left for the determination of the courts, and the requirement has been stated only implicitly in the term "interested person." (Emphasis supplied)
The First National Bank of Shreveport claims its "justiciable interest" or right of action to annul is based upon its having been named decedent's executor and trustee in the 1976 will. As executor of the estate under that will, the bank would have an actual pecuniary interest (its fee) in its probate. La. C.C.P. Arts. 3033 and 3351. In Succession of Pope, 230 La. 1049, 89 So.2d 894 (1956), the court held that an attorney, named as attorney for the succession in a will which he claimed to be the last valid will left by decedent, had a real interest (his fee) in having the earlier will probated and hence a real interest in assailing the validity of the later will.
In the 1976 will decedent, after making certain specific bequests to his wife and to various churches, bequeathed the remainder of his estate to the First National Bank as trustee for a trust established in the will. Under a similar factual situation the court in Succession of Hines, 341 So.2d 42 (La. App. 3d Cir., 1976), held that the title to property in trust was transferred from the settlor to the trustee under La. R.S. 9:1781. Under this rationale First National, as trustee, is the universal legatee with a real interest in establishing the validity of the 1976 will. Additionally, under the Trust Code a trustee is entitled to reasonable compensation from the trust estate for his services as trustee (La. R.S. 9:2181); therefore, First National Bank, as trustee, has a pecuniary interest similar to that of the attorney in the Pope Succession.
We conclude the pleadings and documents establish The First National Bank of Shreveport, both as executor and as trustee, has a justiciable interest in this action to annul the 1977 will, and in having the 1976 will recognized and probated.
Insofar as the two boards are concerned, we find the 1976 will makes no reference nor bequest to them which might be construed as making them beneficiaries. To the contrary, the will provides for the creation of a foundation to be governed by an advisory board. This foundation would have the authority to award scholarships and loans to worthy students eligible to attend one of the universities named in the will. While the universities have an interest in the award of scholarships to its students, this ultimate benefit is too remote to afford plaintiff boards a right of action to revoke the 1977 will. Our decision on this point is influenced to some extent by our holding that the First National Bank has such a right which renders the question of the boards' right of action academic.
The judgment sustaining the exceptions against The First National Bank of Shreveport is reversed and the case is remanded for further proceedings; in all other respects the judgment is affirmed. Defendants are cast for costs of this appeal; assessment of all other costs is to await the termination of the cause.