WATSON, Justice,
dissenting from denial of the writ.
It is undisputed that Brumfield had his leg broken by an irate and just-fired fellow employee because of the part Brumfield played in the loss of the job; at the time of the incident, they were riding home from work in a pickup, off the employer’s premises and after work hours.
The writ should be granted to consider whether the fracture of relator’s leg arose out of and was in the course of employment.
*1135 The well-recognized rule (by all except the trial court, the Court of Appeal and my six colleagues) is that a strong showing of “arising out of” justifies compensation even though there is a weak showing of “in the course of employment”. See Lisonbee v. Chicago Mill and Lumber Company, 278 So.2d 5 (La., 1973) and Turner v. U.S.F. & G., 339 So.2d 917 (La.App. 3 Cir.1976); writ granted to remand for settlement, 341 So.2d 414 (La., 1977). And see the tragic “chicken catcher” case of Mitchell v. Employers Mutual Liability Insurance Company, 341 So.2d 35 (La.App. 3 Cir.1977); particularly, this writer’s concurrence at 341 So.2d 42.[1]
Here the injury arose completely out of the employment hassle, the firing of Dickerson and relator’s participation. Thus, there was a very strong “arising out of” showing. The “course of” showing was weak; not on the premises or during work hours, but there was some connection in that the men were riding home from work.
Therefore, with a strong showing of one factor, and a weak showing of the other, the injury is compensable. Here is a worker who sustained a broken leg solely because of the part he played in a fellow employee’s firing. Is there any logical reason why he should not receive compensation benefits?
Brumfield’s writ should be granted.

. For an even stronger case in point, but outside Louisiana, compare Scholl v. Industrial Commission, 366 Ill. 588, 10 N.E.2d 360 (Ill.1937) where a foreman was shot on his way to work by an employee he had fired about two months earlier.