485 So.2d 623 (1986)
SUCCESSION OF Alfred Jay MORAN.
No. CA 4144.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1986.
Writ Denied May 12, 1986.
*624 A.D. Freeman, Satterlee, Mestayer & Freeman, New Orleans, for appellant.
Gary J. Elkins, David R. Richardson, Mack E. Barham, Constant G. Marquer, III, Robert E. Arceneaux, Barham & Churchill, New Orleans, for appellees.
Before SCHOTT, CIACCIO and WARD, JJ.
CIACCIO, Judge.
Appellant filed an "Action to Annul Probated Testament" in the succession proceedings of Alfred Jay Moran. Four of the defendants filed peremptory exceptions of no cause of action and no right of action. The trial court maintained the exceptions. We affirm.
Appellant at one time had been married to the deceased. The parties had divorced prior to Mr. Moran's death. The parties had executed a marriage contract which in pertinent part provided:

IX
Husband hereby binds and obligates himself to make a will in which he will leave to wife the entire disposable portion of his estate, as well as a usufruct to her for her lifetime on the remainder of both his separate and community property, and agrees not to alter or amend such provision by any codicil or will and shall incorporate the agreement contained in this paragraph in any new will or wills subsequently made by him.
Mr. Moran apparently never executed such a will. In any event, the will along with four codicils probated in these proceedings does not mention appellant in any capacity.
Prior to Mr. Moran's death appellant had filed a "Petition for Declaratory Judgment and Specific Performance" based in part on the above quoted portion of the marriage contract. That suit is still pending. Following the probate of the will, appellant filed her action to annul, again basing her claim on paragraph IX of the marriage contract.
The exception of no right of action questions the right of the plaintiff to institute the suit, that is, her interest in the subject matter of the proceedings or her capacity to sue or both. La.C.C.P. Art. 2972 requires that oppositions to a succession proceeding "shall allege the interest of the opponent in filing the opposition." Official Revision Comment (b) under that article states:
(b) No person should be permitted to file an opposition in a succession proceeding unless he has a judiciable interest in doing so. The definition of this interest has been left for the determination of the courts; and the requirement has been *625 stated only implicitly in the term "interested person."
See also La.C.C.P. Art. 681.
The want of interest raised by the exception of no right of action relates primarily to whether the particular plaintiff falls as a matter of law within the general class in whose favor the law grants the cause of action sought to be asserted by the suit. The general class in whose favor the law grants a cause of action to annul a probated testament is composed of those persons who would realize some benefit should the attack be successful. See, e.g., Succession of Gardiner, 366 So.2d 1065 (La.App. 3d Cir.1979), writ denied, 369 So.2d 154, 156 (La.1979); Succession of Kilpatrick, 356 So.2d 1083 (La.App.2d Cir.1978), writ denied, 359 So.2d 198 (La.1978). If the probated testament were annulled, appellant would realize no benefit.
Appellant is not an heir or legatee of the deceased by means of any law or other purported testament. If the probated testament were annulled, there being no other purported testament, then decedent's estate would devolve under our laws of intestacy. If decedent was declared to have died intestate because his only testament was declared invalid, appellant would not be among those persons who would inherit from the deceased's estate.
Appellant asserts a claim based upon breach of contract. She alleges that her former husband failed in his promise to make a will in accordance with paragraph IX of the marriage contract, or failed in his promise not to revoke that will if he ever made one. If she can establish a breach of the marriage contract and a connected claim for damages, she becomes at best a creditor of the estate. Once established as a creditor of the estate she may make a claim against the estate, but she will have no legal interest in the validity of the probated testament.
Appellant has no right of action to annul the testament.
The exception of no cause of action raises the general issue of whether the law affords any remedy to the plaintiff under the allegations of the petition, including any exhibits attached thereto or made a part thereof. The exception is triable on the face of the papers with all well pleaded facts of the petition and any annexed documents accepted as true. All doubts are resolved in favor of the sufficiency of the petition.
Appellant alleges that the probated testament violates the provisions of her marriage contract with the deceased. Assuming as true that the testament violates the marriage contract, this does not invalidate the testament. Testaments may be annulled for want of the formalities of law declared to be sacramental. A testament conforming to all legal formalities but in violation of a contract is not subject to annullment, it only violates the contract.
Appellant makes no claim that the testament does not satisfy any sacramental, legal formalities. Her petition, therefore, fails to state a cause of action to annul the testament.
We have considered all of the cases which appellant has cited in support of the arguments made to this court and in memorandums in the record of the district court. There are cases from Louisiana courts as well as cases from other jurisdictions. Concerning the cases from other jurisdictions, we note that they all, either directly or by implication, recognize the inadequacy of a remedy at law. The remedies they fashion are in equity, recognizing the right of a party to an agreement to enforce that agreement. They do not invalidate testaments, they fashion remedies to enforce valid non-testamentary agreements. We are not taking such a remedy away from appellant, her suit for declaratory judgment and specific performance is still pending. Neither the merits nor the validity of that proceeding are before us, however, and we express no opinion thereon.
In one case from a jurisdiction outside Louisiana the court gave effect to an earlier will made in accordance with a contract instead of a later will which purported *626 to revoke all prior wills. Such a result is not possible in Louisiana where a testator has an absolute right to revoke which right even he cannot renounce. La.C.C. Art. 1690. In that case though, the court did not invalidate a will in favor of a non-testamentary agreement, but gave effect to an earlier testament considered under the laws of that state to be "contractual" and, under the circumstances, "irrevocable."
Those Louisiana cases upon which appellant relies are not applicable. Most involve inter vivos donations which take effect upon the donor's death and are conditioned upon the donee's survivorship. In no case cited by appellant or that we have found has a Louisiana court annulled a valid testament on the basis of a prior non-testamentary agreement by the testator to make a will and not revoke it. A party may seek to have the agreement enforced, but the agreement does not supply grounds to annul a testament.
Accordingly, we affirm the judgment of the district court. All costs connected with this action to annul are to be paid by petitioner-appellant.
AFFIRMED.