GARRISON, Judge.
Plaintiff, Mrs. Murray Pearce Hurley, is the ex-wife of the late Alfred J. Moran. Plaintiff and decedent were married in 1980, divorced in 1983 and decedent died in 1984. On May 22,1986, the plaintiff filed a petition to assert her claims against the Succession of Alfred J. Moran as creditor and obligee of the decedent and for reduction of legacies pursuant to LSA-C.C. art. 1431 and other declaratory relief. In that petition, the plaintiff claimed to be an obli-gee of decedent and his estate pursuant to an antenuptial contract executed by plaintiff and decedent on February 1, 1980.
Specifically, plaintiff refers to paragraph IX of this contract which states as follows:
“Husband hereby binds and obligates himself to make a will in which he will leave to Wife the entire disposable portion of his estate, as well as a usufruct to her for her lifetime on the remainder of both his separate and community property, and agrees not to alter or amend such provision by any codicil or will and shall incorporate the agreement contained in this paragraph in any new will or wills subsequently made by him.”
After decedent’s death, a will dated December 14, 1979 was probated. Several codicils executed after the execution of the antenuptial contract between plaintiff and decedent were also probated and none of these codicils complied with paragraph IX of the antenuptial contract.
On August 4, 1986, defendants Alfred J. Moran, Jr., Marsden Leverich Moran, Malcolm Campbell Moran and Cyril J. Bierria, Sr., filed peremptory exceptions of failure to state a cause of action and no right of action. On August 6, 1986, those same exceptions were also filed by the Succession of Alfred J. Moran and Joseph W. Rausch as executor of the Succession of Alfred J. Moran and named co-trustee of the Alfred J. Moran Testamentary Trust. On January 26, 1987, the trial judge dismissed, with prejudice, all of the above exceptions. In his reasons for judgment, the trial judge cited an earlier case involving this succession in which this Court not *1176 ed, in dicta, that if plaintiff could establish a breach of the marriage contract, she could possibly become a creditor of the estate.
On May 11, 1987, the trial court maintained Marjorie Moran’s exception of no right of action of plaintiff to be recognized as a creditor of the succession in question. At the same time, the trial judge dismissed Marjorie Moran’s exceptions of prescription, prematurity and vagueness. Also on May 11, 1987, the trial judge ruled on the motion for reconsideration of the exception of no cause of action filed by Alfred J. Moran, Jr., Marsden Leverich Moran, Malcolm Campbell Moran and Cyril J. Bierria, Sr. In that ruling, the trial judge recalled and set aside his earlier judgment of January 26, 1987 dismissing the peremptory exceptions filed by those four defendants. The trial judge then rendered judgment maintaining these defendants’ exception of no cause of action, with prejudice, filed in response to plaintiff’s petition to be recognized as a creditor of the Succession of Alfred J. Moran.
In his reasons for the latter judgment, the trial judge claimed that he had erred in his earlier judgment in following dicta in this Court’s earlier decision in another action relating to the succession in question, i.e. Succession of Moran, 485 So.2d 623 (La.App. 4th Cir.1986), writ denied, 488 So.2d 204 (La.1986). The trial judge noted that when the Louisiana Supreme Court denied writs in that case, their decree stated: “Denied. Result Correct.” The trial judge agreed with the defendants’ argument that the Supreme Court’s language in the writ denial means that that court found that although the Court of Appeal reached the correct result, the reasoning in that decision was flawed. The plaintiff now appeals both judgments of May 11, 1987.
Essentially, the plaintiff argues that the judgment of January 26, 1987 dismissing the exception of no cause of action was correct and that the judgments of May 11, 1987 reconsidering and maintaining that exception and maintaining the same exceptions filed by another defendant are incorrect.
Plaintiff is attempting to enforce a provision in her matrimonial agreement with the decedent which states that decedent was obligated to make an irrevocable will leaving plaintiff the disposable portion of his estate. The Louisiana Civil Code clearly establishes that a testator can never be dispossessed of his right to revoke his testament. LSA-C.C. art. 1690. Therefore, the portion of the antenuptial contract dealing with the irrevocability of decedent’s will is null, void and unenforceable. See LSA-C.C. art. 2329.
However, the decedent’s promise to leave plaintiff the disposable portion of his estate does not violate Louisiana law. In fact, Louisiana Civil Code Article 1888,[1] in effect in 1980 when the antenuptial contract in question was confected, clearly stated:
“A future succession may become the object of an antenuptial agreement.”
Because an antenuptial contract containing a promise to leave the disposable portion of an estate is specifically permitted by the Louisiana Civil Code, plaintiff may have a claim for damages for breach of the ante-nuptial contract between her and decedent. Therefore, the defendants’ exceptions of no cause of action were improperly maintained by the trial judge in the judgments of May 11, 1987.
For these reasons, we reverse the May 11, 1987 judgments maintaining defendants’ exceptions of no cause of action and dismissing plaintiff’s petition to be recognized as a creditor of the Succession of Alfred J. Moran. We remand this case to the trial court for a trial on the merits. The provision in the antenuptial contract which mandated that decedent make an *1177 irrevocable will is to be treated as though it was not written.
REVERSED AND REMANDED.
SCHOTT, J., concurs.

. The 1984 revision of the Civil Code reproduced the substance of Article 1888 in Article 1976 which states as follows:
"The succession of a living person may not be the object of a contract other than an ante-nuptial contract. Such a succession may not be renounced."