| JAMES L. CANNELLA, Judge.
Two Plaintiffs [1] Steven Scaffidi (Scaffi-di) and Nicholas Chetta, Jr. (Chetta), appeal from the trial court judgment granting the Exception of No Right of Action filed by the Defendant, University of New Orleans Foundation (UNOF). For the reasons which follow, we affirm.
Scaffidi and Chetta formed the corporation Scaffidi and Chetta Entertainment, Timmy’s Travels, Inc. (S & C) for the purpose of creating and producing a children’s television series entitled “Timmy’s Travels.” On May 10, 1999, UNOF entered into a contract with S & C, agreeing to raise sufficient funds to finance S & C’s production of twelve to fourteen episodes of “Timmy’s Travels” at an estimated cost of $1,500,000. In return for financing the series, UNOF was to receive 20 percent of all net revenue from the series and acknowledgment in the |3credits of each episode. After four years and the expenditure of a large amount of their personal funds and thousands of hours, Scaffidi and Chetta determined that UNOF was not going to comply with the contract. On September 23, 2003, Scaffidi and Chetta personally, along with S & C, filed the instant suit against UNOF.
In their petition, plaintiffs alleged that UNOF had breached the contract that it had entered into with S & C. According to the contract, UNOF was supposed to coordinate with S & C to mutually promote fund raising activities. The contract also provided that UNOF would not enter into other fund raising agreements that competed with the fund raising activities of S & C before the funds were raised for S & C. It was alleged in the petition that UNOF made little if any effort to raise funds for S & C and that UNOF instead raised funds for competitors of S & C. Further, the petition alleged that, in reliance on the contractual agreement, Scaffi-di and Chetta had spent over $93,000 of their own funds and over 2000 hours of their time to promote the venture. Finally, the petition alleges that, as a result of *494 UNOF’s failure to honor its commitment, the reputation and credibility of Scaffidi and Chetta in the television and film industry have been damaged.
In response to the petition, UNOF filed, among other things, an exception alleging that Scaffidi and Chetta had no right of action against UNOF. On February 6, 2004, the trial court, upon finding that Scaffidi and Chetta had no personal right of action arising from the contract between UNOF and S & C, rendered a judgment granting UNOF’s exception and dismissing the personal tort and contract claims of Scaffidi and Chetta without granting them leave to amend. It is from this ruling that Scaffidi and Chetta appeal.
On appeal, Scaffidi and Chetta argue that the trial court erred in granting the exception or, in the alternative, that it was error to not allow them leave to amend 14their petition. Scaffidi and Chetta argue that shareholders of a corporation with whom the Defendant has contracted have a right of action against the Defendant for negligent or intentional misrepresentations made to the shareholders that cause damage to the shareholder. They also argue that they have a right of action under the contract because the agreement provided a stipulation pour autrui in favor of Scaffidi and Chetta personally.
UNOF argues to the contrary that shareholders do not have a right of action for damages suffered as a result of a breach of contract with the corporation. The cause of action in this case is one for breach of contract involving a contract between UNOF and the corporation, S & C, and, therefore, the proper party to assert that action is solely the corporation. Further, UNOF argues that the contract did not create a stipulation pour autrui in favor of Scaffidi and Chetta personally. Thus, the exception of no right of action was properly maintained and allowing amendment to the petition would have been a vain and useless act.
The function of the exception of no right of action is to determine whether the plaintiff belongs to‘the class of persons to whom the law grants the cause of action asserted in the suit. La. C.C.P. art. 927; Industrial Cos., Inc. v. Durbin, 02-0665, p. 12 (La.1/28/03), 887 So.2d 1207 (citing Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com’n, 94-2015, p. 5 (La.11/30/94), 646 So.2d 885, 888). The focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit and it assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation. Reese v. State Dept. of Public Safety and Corrections, 03-1615 (La.2/20/04), 866 So.2d 244; Verdin v. Rogers, 03-1457 (La.App. 5th Cir.4/27/04), 873 So.2d 804; Treasure Chest Casino, LLC v. Parish of Jefferson, 96-1010 (La.App.1st Cir.3/27/97), 691 So.2d 751, writ denied, 97-1066 (La.6/13/97), 695 So.2d 982.
Generally, a shareholder may only sue to recover losses to a corporation secondarily through a shareholder’s derivative suit. Pittman v. Beebe, 95-1342 (La.App. 3rd Cir.3/6/96), 670 So.2d 761, writ denied, 96-882 (La.5/10/96), 672 So.2d 931; Palowsky v. Premier Bancorp, Inc., 597 So.2d 543 (La.App. 1st Cir.1992). Shareholders do not have a personal right to sue to recover for acts committed against, or causing damage to the corporation. Joe Conte Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc., 95-1630 (La.App. 4th Cir.2/12/97), 689 So.2d 650, writ denied, 97-659 (La.4/25/97), 692 So.2d 1090; Bolanos v. Madary, 609 So.2d 972 (La.App. 4th Cir.1992), writ denied, 615 So.2d 339 (La.1993). To determine whether the share *495 holder has a personal right to recover, the jurisprudence requires an injury that is “special” or unique to the shareholder.
“The American Law Institute has suggested this test for distinguishing direct from derivative claims: if a shareholder can recover in a suit only by showing that the corporation was injured, then the suit is derivative in nature, even if the corporate injury does cause indirect harm to the shareholder, while if a recovery can be granted without proof of a corporate loss, then the suit is considered to be direct.”
Morris & Holmes, 8 La. Civ. Law Treatise-Business Organizations § 34.03 (1999).
In applying these precepts to the instant case we find that the trial court correctly granted the exception of no right of action as to the personal claims of Scaffidi and Chetta. The petition states a cause of action against UNOF based on an agreement UNOF entered into with the corporation, S & C. Scaffidi and Chetta personally were not parties to the contract. The petition alleges that UNOF breached that agreement and that damages were sustained by the corporation and by Scaffidi and Chetta personally as a result of the breach. Thus, the question presented on the exception is whether Scaffidi and Chetta personally belong to the |ficlass of persons to whom the law grants the cause of action asserted in the suit. We find that they do not. The cause of action belongs solely to the corporation, the only party to the contract.
While Scaffidi and Chetta argue that they should be allowed to assert their action as shareholders of the corporation, we find that them recovery as shareholders depends on the corporate injury. If there had been no breach of the contract between UNOF and S & C, then Scaffidi and Chetta would have sustained no injuries. Without proof of the corporate loss or injury, they would have no claim. As such, their claims are derivative and can only be made on behalf of the corporation.[2] Any personal claims they may have for the funds they advanced or the hours they spent would make them corporate creditors or support the corporate damage claim, but would not give them the right to assert an action against a party to a contract to which they were not involved. As we held in Hinchman v. Oubre, 445 So.2d 1313 (La.App. 5th Cir.1984) and cited with approval in Trans-Global Alloy v. First Nat’l Bank, 564 So.2d 697 (La.App. 5th Cir.1990), reversed on other grounds, 583 So.2d 443 (La.1991), “A person who conducts business in corporate form and reaps the benefits of incorporation cannot sue individually for damages incurred by the corporation.”
Scaffidi and Chetta also argue that they have a right of action under the contract between UNOF and S & C because the contract contained a stipulation pour au-trui UNOF disputes this, arguing that the contract was solely between it and the corporation and there was no intent expressed therein to benefit anyone else.
|7The Louisiana Civil Code provides that a contracting party may stipulate a benefit for a third person not a party to the contract. La. C.C. art. 1978. Under Louisiana law, such a contract for the benefit of a third-party is referred to as a stipulation pour autrui and gives the third party beneficiary the right to demand performance from the promisor. Whitney Nat. Bank v. Howard Weil Financial Corp., 93-1568 (La.App. 4th Cir.1/27/94), *496 631 So.2d 1308. A stipulation pour autrui is never presumed. Rather, the intent of the contracting parties to stipulate a benefit in favor of a third-party must be made manifestly clear. Homer Nat. Bank v. Tri-District Development Corp., 534 So.2d 154, 156 (La.App. 3rd Cir.1988).
Finally, to establish a stipulation pour autrui, the third-party relationship must form the consideration for a condition of the contract, and the benefit may not be merely incidental to the contract. Concept Design, Inc. v. J.J. Krebs & Sons, Inc., 96-1295 (La.App. 4th Cir.3/19/97), 692 So.2d 1203. The party demanding performance of an obligation pursuant to a stipulation pour autrui bears the burden of proving the existence of this obligation. La. C.C. arts. 1831. Smith v. State Farm Ins. Companies, 03-1580 (La.App. 4th Cir.3/3/04), 869 So.2d 909.
Scaffidi and Chetta rely on Section (3) of the contract as creating the stipulation pour autrui, which provides in pertinent part:
Net revenue shall be calculated after the payment of all production costs per show having been estimated as set forth in Exhibit “A” attached hereto and made a part hereof. The parties hereto understand and agree that production costs may increase or decrease depending upon the particular episode being created. The parties hereto further acknowledge and agree that while Director and Producer fees have been fixed in Exhibit “A”, if “TIMMY’S TRAVELS” is produced beyond the first series, the Director and Producer fees will be increased to the standard in the industry, or as otherwise agreed upon by the parties hereto.
IsScaffidi and Chetta argue that this section creates a stipulation pour autrui by fixing the director and producer fees rather than simply providing estimates. We disagree.
Upon review of the contract as a whole, as well as Exhibit A, we find no clear intent to confer a benefit on Scaffidi and Chetta personally. In fact, Scaffidi and Chetta are not personally named as the director and producer. Moreover, the contract provides that the fees are to be paid to the corporation and it is not provided that any sums are to be paid to Scaffidi and Chetta personally. The fact that a third party may incidentally derive a benefit from a contract does not in and of itself mean that the contract contains a stipulation pour autrui. LaPlace Sand Company, Inc., v. Cherokee Barge Lines, Inc., 97-1096, p. 7 (La.App. 5th Cir.3/25/98), 708 So.2d 1264, 1269.
Finally, Scaffidi and Chetta argue that the trial court erred in granting the exception of no right of action without giving them leave to amend their petition. However, they fail to disclose what facts, if any, they could allege that would give them a right of action in this case.
La. C.C.P. art. 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.
The opportunity to amend a petition to cure a peremptory objection is not absolute, it is conditioned upon the party’s *497 ability to do so. In this case, the cause of action derives from the alleged breach of a contract entered into solely by two parties, the corporation, S & C, and UNOF. There were no other parties to the 1 flcontract and we find no intent in the contract to benefit any other party. Therefore, we fail to see how an amendment to the petition could cure the objection to Scaffidi and Chetta’s assertion of a personal right of action in this case. Moreover, as stated above, Scaffidi and Chetta have not alleged on appeal or in the trial court any facts that they would assert to cure the objection if amendment to the petition were allowed. See. Sivils v. Mitchell, 96-2528 (La.App. 1st Cir.11/7/97), 704 So.2d 25. Accordingly, we find no error in the trial court action granting the exception of no right of action without allowing Scaffidi and Chetta an opportunity to amend the petition to state a right of action.
Based on the foregoing, we affirm the trial court ruling granting the exception of no right of action without giving Scaffidi and Chetta the right to amend the petition and dismissing all personal claims of Scaf-fidi and Chetta. Costs of appeal are assessed to Scaffidi and Chetta.

AFFIRMED.

. The corporation, Scaffidi and Chetta Entertainment, Timmy’s Travels, Inc., is also a Plaintiff in this litigation but is not a party to this appeal.

. While Scaffidi and Chetta allege personal losses in money and time, their claims are for work that they did for the corporation and were not incurred as part of a personal agreement that they had with UNOF. Their recovery lies against S & C, if at all.