943 So.2d 537 (2006)
SUCCESSION OF Florence Whittaker WOLF.
No. 2005-CA-1480.
Court of Appeal of Louisiana, Fourth Circuit.
October 4, 2006.
*538 D. Bruce Cameron, Cameron Law Firm, L.L.C., Slidell, LA, for Appellant.
Corinne A. Morrison, Harry R. Holladay, James C. Young, Gregory J. Walsh, Chaffe McCall, L.L.P., New Orleans, LA, for Appellee.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge MICHAEL E. KIRBY, Judge LEON A. CANNIZZARO JR.)
KIRBY, Judge.
Appellant, Terry A. Guillory, appeals the trial court judgment, granting an exception of no right of action filed by the Executrix of the Succession of Florence Whittaker Wolf. This exception was filed in response to the Petition to Annul Probated Testament and to Revoke Appointment of Executrix filed by Mr. Guillory. The judgment dismissed Mr. Guillory's petition with prejudice.
On May 10, 1990, Florence Whittaker Wolf executed a last will and testament. She died on December 14, 2003. In her will, Ms. Wolf made several special bequests and bequeathed the remainder of her estate to Children's Hospital in New Orleans. Ms. Wolf named Inez Martinez as the executrix of the estate. Ms. Wolf was the aunt of Mr. Guillory's stepfather. Mr. Guillory was not named in Ms. Wolf's will, and was not related to Ms. Wolf through blood or adoption.
On May 19, 2004, Ms. Martinez, in her capacity as the named executrix in Ms. Wolf's will, filed a Petition for Probate of Lost Statutory Testament and Appointment of Succession Representative. Ms. Martinez attached to the petition a photocopy of Ms. Wolf's last will and testament, and stated that despite a diligent search, the original of the will could not be located. She also attached her affidavit and the affidavit of the attorney who prepared the will, Mr. Allain C. Andry, III. Ms. Martinez asked that the photocopy of the will be probated as Ms. Wolf's last will and testament, and that she be confirmed as the testamentary executrix. On the same date, the trial court ordered that Ms. Wolf's last will and testament dated May 10, 1990 be recorded, filed and executed in accordance with its terms, and confirmed Ms. Martinez as the testamentary executrix of Ms. Wolf's succession.
On September 3, 2004, Mr. Guillory filed a Petition to Annul Probated Testament and to Revoke Appointment of Executrix. Ms. Martinez filed exceptions of vagueness, ambiguity and no right of action in response to Mr. Guillory's petition. On May 3, 2005, the trial court granted Ms. Martinez's exception of no right of action, and dismissed Mr. Guillory's petition with prejudice. Mr. Guillory now appeals.
On appeal, Mr. Guillory asserts four assignments of error, but all relate to his argument that the trial court erred in granting Ms. Martinez's exception of no right of action, and in dismissing his Petition to Annul Probated Testament and to Revoke Appointment of Executrix. In the *539 case of Forum for Equality PAC v. City of New Orleans, XXXX-XXXX, p. 6 (La.App. 4 Cir. 8/30/04), 881 So.2d 777, 781-782, this Court stated:
An action can only be brought by a person having a real and actual interest which he asserts. La. C.C.P. art. 681. The exception of no right of action is designed to test whether the plaintiff has a real and actual interest in the action. La. C.C.P. art. 927(5). The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972). The exception of no right of action assumes that the petition states a valid cause of action and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 94-2015 (La.11/30/94), 646 So.2d 885.
La. C.C.P. article 2972 states:
An opposition to the petition, motion, or other application of a party to a succession proceeding for an order or judgment of the court shall be in writing and be filed within the delay allowed. It shall comply with the provisions of Articles 853 through 863; shall state the name, surname, and domicile of the opponent; shall allege the interest of opponent in filing the opposition, and the grounds for opposing the petition, motion, or other application; and shall conclude with a prayer for appropriate relief.
Mr. Guillory alleges that he has a justiciable interest in the succession because Ms. Martinez, in her capacity as executrix, sought and obtained a writ of sequestration seizing over $150,000.00 from Mr. Guillory. Ms. Martinez claimed Mr. Guillory obtained access to Ms. Wolf's liquid assets through a power of attorney allegedly signed by Ms. Wolf, and converted these assets into funds for his own use and benefit. Mr. Guillory contends that he was lawfully holding these funds on deposit.
Although Ms. Martinez concedes in her brief that she filed a conversion lawsuit against Mr. Guillory in her capacity as executrix of Ms. Wolf's succession, and that this action resulted in the seizure of $150,000 from Mr. Guillory's bank account, this action was a separate action from the succession action. As such, no pleadings, judgments or other documentation from the conversion action are in the appeal record before us.
Even assuming arguendo that the funds were seized in accordance with the writ of sequestration as stated by Mr. Guillory, this would not give him a right of action to annul Ms. Wolf's testament or revoke the appointment of Ms. Martinez as executrix. Ms. Wolf did not name Mr. Guillory as a legatee or trustee in her will. There is no evidence in the record of any other purported testament of Ms. Wolf other than the May 10, 1990 testament. Mr. Guillory has not alleged that he had any kind of familial relationship with Ms. Wolf that would make him a legal heir to her estate if Ms. Wolf died intestate. He admitted in a deposition that while Ms. Wolf was his stepfather's aunt, he was not otherwise related to her.
In Succession of Moran, 485 So.2d 623 (La.App. 4 Cir.1986), this Court affirmed a trial court ruling granting an exception of no right of action to a petition filed in a succession proceeding by the decedent's former wife. In doing so, this Court noted that the appellant was not an heir or legatee of the decedent by means of any law or other purported testament. Id. Given those facts, this Court stated that the appellant *540 would not realize any benefit if the probated testament were annulled, and therefore, had no right of action to annul the testament. Id.
Mr. Guillory cited three cases in support of his position that he has a justiciable interest in challenging Ms. Wolf's will. One of those cases, Succession of Pope, 230 La. 1049, 89 So.2d 894 (1956), was overruled by the Louisiana Supreme Court in Succession of Jenkins, 481 So.2d 607 (La.1986). The other two cases are distinguishable from the instant case. In Succession of Kilpatrick, 356 So.2d 1083 (La. App. 2 Cir.1978), the entity seeking to challenge a will was named as a trustee in an earlier will. Similarly, in Succession of Hines, 341 So.2d 42 (La.App. 3 Cir.1976), a case involving a declaratory judgment interpreting certain provisions of a will, one of the appellants was a bank, which had been named both executor and trustee under the will.
Mr. Guillory is not named in any capacity in Ms. Wolf's May 10, 1990 will. Furthermore, there is no evidence in the record that Mr. Guillory was named in any prior will executed by Ms. Wolf, nor is there any evidence that Ms. Wolf executed a will or codicil subsequent to the May 10, 1990 will.
As in the Succession of Moran case, the appellant in this case has no legal interest in the validity of the probated will. If the probated will were annulled, then distribution of Ms. Wolf's estate would be based on the laws of intestacy. Under those laws, Mr. Guillory would not be among the class of persons who would inherit from Ms. Wolf's estate. Accordingly, the trial court did not err in granting the exception of no right of action filed by Ms. Martinez in response to Mr. Guillory's Petition to Annul Probated Testament and to Revoke Appointment of Executrix.
Having found that the trial court did not err in granting the exception of no right of action filed by Ms. Martinez, we now consider whether Mr. Guillory should be given the opportunity to amend his petition. La. C.C.P. article 934 provides that:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.
The right to amend is not absolute, and amendment is not permitted when it would constitute a vain and useless act. Smith v. State Farm Insurance Companies, XXXX-XXXX, p. 6 (La.App. 4 Cir. 3/3/04), 869 So.2d 909, 913.
In this case, Mr. Guillory admitted in his deposition that he is not named in the will at issue and that Ms. Wolf did not execute another will after the May 10, 1990 will. He has not alleged on appeal or in the trial court any facts that he could assert to cure the objection if amendment to the petition were allowed. See, Scaffidi and Chetta Entm't v. Univ. of New Orleans Found., XXXX-XXXX (La.App. 5 Cir. 2/15/05), 898 So.2d 491, writ denied, XXXX-XXXX (La.5/6/05), 901 So.2d 1102. Therefore, we find that the trial court properly granted the exception of no right of action without allowing Mr. Guillory the opportunity to amend his petition to state a right of action.
For the reasons stated above, we affirm the trial court judgment.
AFFIRMED.