## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0109

JACQUELYN ANTOINE

VERSUS

THE EAST BATON ROUGE COUNCIL ON AGING, THE EAST
BATON ROUGE METRO COUNCIL, THE STATE OF LOUISIANA
THROUGH THE GOVERNOR'S OFFICE OF ELDER AFFAIRS,
SOUTHERN UNIVERSITY OF LOUISIANA, DYTASHA CLARK-
AMAR, AND DOROTHY JACKSON

*DATE OF JUDGMENT:* NOV 1 5 2019

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
NUMBER 665344, SECTION 25, PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

HONORABLE WILSON E. FIELDS, JUDGE

* * * * * *

| | |
|---|---|
| Robert T. Garrity, Jr.<br>S. Ashley Marler<br>Harahan, Louisiana | Counsel for Plaintiff-Appellant<br>Jacquelyn Antoine |
| Davis Rhorer, Jr.<br>Assistant Parish Attorney<br>Baton Rouge, Louisiana | Counsel for Defendant-Appellee<br>City of Baton Rouge/East Baton Rouge<br>Parish |
| Jeff Landry<br>Attorney General<br>Kevin P. Landreneau<br>T. Jay Seale, III<br>Celeste H. Shields<br>Special Assistant<br>Attorneys General<br>Baton Rouge, Louisiana | Counsel for Defendant-Appellee<br>State of Louisiana through the<br>Governor's Office of Elderly Affairs |
| Murphy J. Foster, III<br>Baton Rouge, Louisiana | Counsel for Defendant-Appellee<br>The East Baton Rouge Council<br>on Aging |

Ernest L. Johnson
Baton Rouge, Louisiana

Counsel for Defendant-Appellee
Dytasha Clark-Amar

Jeff Landry
Attorney General
Alejandro R. Perkins
Andrew F. Barr
Special Assistant
Attorneys General
Baton Rouge, Louisiana

Counsel for Defendant-Appellee
Dorothy Jackson

Jeff Landry
Attorney General
Thomas M. Flanagan
Camille E. Gauthier
Special Assistant
Attorneys General
New Orleans, Louisiana

Counsel for Defendant-Appellee
The Board of Supervisors of Southern
University and A&M College

\* \* \* \* \* \*

BEFORE: McDONALD, THERIOT, AND CHUTZ, JJ.

**Disposition: AFFIRMED.**

**CHUTZ, J.**

Plaintiff-appellant, Jacquelyn Antoine, appeals a trial court judgment dismissing, with prejudice, her damage claims against all defendants on peremptory exceptions raising the objections of prescription, no cause of action, and no right of action. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 7, 2016, Helen Plummer executed a will at the Southern University Elder Law Clinic (SELC) that created a testamentary trust benefiting her great-grandchildren and great-niece. Ms. Plummer's only surviving child,[1] Ms. Antoine, was not named as a legatee. The will named Dytasha Clark-Amar, the Executive Director of the East Baton Rouge Council on Aging (COA), as the executrix of Ms. Plummer's estate, as well as the trustee of the testamentary trust created by the will. The trust was to continue until the youngest of the trust beneficiaries reached the age of thirty, a period of over twenty years. Dorothy Jackson, a member of the COA Board of Directors and the Director of SELC, was named in the will as the attorney for Ms. Plummer's estate.

Following Ms. Plummer's death on March 2, 2017, Ms. Antoine filed a petition to annul her mother's will and remove Ms. Clark-Amar as executrix and trustee. That matter eventually was settled, David Koch was appointed by the court to represent the decedent's estate, and Ms. Antoine filed a motion to dismiss her petition to annul the will and remove Ms. Clark-Amar as executrix and trustee. Pursuant to that motion, the trial court dismissed Ms. Antoine's petition, with prejudice.

On January 12, 2018, Ms. Antoine filed a petition for damages against the following defendants: COA; the City of Baton Rouge/Parish of East Baton Rouge (EBRP); the State of Louisiana through the Governor's Office of Elder Affairs

---

[1] Ms. Plummer was predeceased by another daughter, who died without issue.

3

(GOEA); Southern University of Louisiana (Southern); Ms. Clark-Amar; and Ms. Jackson. According to the petition, Ms. Plummer became acquainted with Ms. Clark-Amar and Ms. Jackson through her participation in certain COA programs. Ms. Antoine alleged that after learning of Ms. Plummer's financial status, Ms. Clark-Amar, through fraud and deceit, persuaded Ms. Plummer that her family was stealing from her and mismanaging her money. Ms. Antoine further alleged Ms. Clark-Amar and Ms. Jackson conspired to induce Ms. Plummer to execute the July 2016 will creating a testamentary trust for her great-grandchildren and great-niece, all for the benefit of Ms. Clark-Amar and Ms. Jackson and to the detriment of Ms. Antoine.

With respect to the remaining defendants (COA, EBRP, GOEA, and Southern), Ms. Antoine alleged they were each negligent in failing to supervise Ms. Clark-Amar and/or Ms. Jackson and in failing to establish policies and procedures to prevent employees from taking advantage of elderly clients for their own gain. She further asserted Southern was liable for the illegal conduct of its SELC director, Ms. Jackson.

Ms. Antoine claims she has suffered damages as a result of the fraud and conspiracy of Ms. Clark-Amar and Ms. Jackson. Specifically, she alleges her estate and that of her relatives have been diminished by the legal process (including the payment of executor fees), and she has had to expend substantial sums to contest the defendants' negligent and illegal activities.

In response to Ms. Antoine's petition, all defendants filed peremptory exceptions raising the objections of prescription, no cause of action, and/or no right of action.[2] Following a hearing, the trial court signed a judgment on August 30, 2018, sustaining the exceptions of prescription and no right of action and

---

[2] EBRP raised the objection of no cause of action; COA raised the objections of prescription and no cause of action; Ms. Clark-Amar raised the objections of prescription and no right of action; and GOEA, Southern, and Ms. Jackson each raised the objections of prescription, no cause of action, and no right of action.

4

dismissing Ms. Antoine's claims against all defendants with prejudice.[3] The judgment also sustained the exceptions of no cause of action and GOEA's dilatory exception of vagueness. The judgment further ordered that in the event the matter was remanded after appeal, Ms. Antoine was to amend her pleadings to state a cause of action against all defendants and to more clearly state the legal and factual basis for her claims against GOEA.

Ms. Antoine now appeals, arguing in five assignments of error that the trial court erred in sustaining the defendants' exceptions and dismissing her claims.

## DISCUSSION

On appeal, Ms. Antoine raises arguments concerning each of the exceptions sustained by the trial court. However, we find it necessary to only address the exceptions of no right of action sustained by the trial court.

Ms. Antoine argues she did not bring this action against the defendants to challenge the validity of Ms. Plummer's will, but to seek damages resulting from the creation of the will, which she maintains was induced by Ms. Clark-Amar and Ms. Jackson's fraud and misrepresentations. Ms. Antoine contends she has a right of action because she is Ms. Plummer's "daughter and sole [intestate] heir," and "has furnished satisfactory evidence of the legal right of action to inherit as an intestate heir."

Except as otherwise provided by law, an action can only be brought by a person having a real and actual interest which he asserts. La. C.C.P. art. 681. The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. See La. C.C.P. art. 927A(6). The focus is on whether the particular plaintiff has a right to bring the suit. For purposes of the exception, it is assumed

---

[3] Although neither EBRP nor COA raised exceptions of no right of action, a trial court or an appellate court may notice on its own motion the petition's failure to disclose a right of action belonging to the plaintiff. La. C.C.P. art. 927(B); see *Gisclair v. Louisiana Tax Commission*, 10-0563 (La. 9/24/10), 44 So.3d 272, 273 & 281 (per curiam).

5

the petition states a valid cause of action for some person. The exception questions whether the plaintiff is a member of the class who has a legal interest in the subject matter of the litigation. It does not raise the questions of the plaintiff's ability to prevail on the merits or whether the defendant may have a valid defense. *Nu-Lite Electrical Wholesalers, LLC v. Axis Construction Group, LLC*, 17-1204 (La. App. 1st Cir. 4/9/18), 249 So.3d 10, 13, writ denied, 18-0914 (La. 9/28/18), 253 So.3d 142.

The party raising an exception of no right of action bears the burden of proof. To prevail, the defendant must show the plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with the suit. Whether a plaintiff has a right of action is a question of law that is reviewed *de novo* on appeal. *Nu-Lite Electrical Wholesalers, LLC*, 249 So.3d at 13-14.

Ms. Antoine's petition alleges that fraud was perpetuated upon Ms. Plummer when Ms. Clark-Amar and Ms. Jackson suppressed and misrepresented the truth, thereby leading Ms. Plummer to believe her family was stealing from her and mismanaging her money. Ms. Antoine further contends this fraudulent conspiracy caused Ms. Plummer to execute the will creating a testamentary trust for her great-grandchildren and great-niece, which led to the diminution of Ms. Plummer's estate through the payment of unnecessary executrix and trustee fees, as well as attorney fees required to defend the validity of the will.

Assuming for the purposes of the exception of no right of action that the petition states a cause of action for the diminution of the decedent's estate as a result of the alleged fraudulently conspiracy between Ms. Clark-Amar and Ms. Jackson, Ms. Antoine is not the party entitled to bring the action. Under La. C.C.P.

art. 685,[4] the succession representative is the proper plaintiff to bring any action belonging to the decedent's succession. See *In re Ewing*, 34,413 (La. App. 2d Cir. 3/2/01), 781 So.2d 885, 899-90. The trial court appointed David Koch as executor of Ms. Plummer's succession to replace Ms. Clark-Amar. Because Ms. Antoine is not the succession representative for her mother's succession, she has no right to bring a suit on an action belonging to Ms. Plummer's succession. See La. C.C.P. art. 685.

Furthermore, Ms. Antoine acknowledged she is not a named legatee in her mother's will. Additionally, she is not a forced heir since she was over the age of twenty-three when her mother died, and she does not allege she was permanently incapable of caring for herself due to mental incapacity or physical infirmity. See La. C.C. art. 1493. Because Ms. Antoine is neither a forced heir nor a legatee named in Ms. Plummer's will, she has no interest in her mother's estate. Despite Ms. Antoine's arguments to the contrary, any rights she may have had if her mother had died intestate are irrelevant since her mother died testate.[5] Accordingly, the trial court correctly found that Ms. Antoine had no right of action and sustained the exceptions of no right of action. Further, because there was no way for Ms. Antoine to remove the grounds of the objection by amending her

---

[4] This provision provides as follows:

> Except as otherwise provided by law, the succession representative appointed by a court of this state is the proper plaintiff to sue to enforce a right of the deceased or of his succession, while the latter is under administration. The heirs or legatees of the deceased, whether present or represented in the state or not, need not be joined as parties, whether the action is personal, real, or mixed.

[5] As Ms. Plummer's only surviving child and intestate heir, Ms. Antoine had a right to bring an action challenging the validity of Ms. Plummer's will. See *In re Succession of Guidry*, 06-1089 (La. App. 3 Cir. 12/6/062), 945 So.2d 187, 188 (an heir is among those with a justiciable interest in opposing a succession proceeding); *Succession of Moran*, 485 So.2d 623, 625 (La. App. 4th Cir.), writ denied, 488 So.2d 204 (La. 1986) (the law grants a cause of action to annul a probated testament to those persons who would realize some benefit should the attack be successful). As previously noted, the record indicates Ms. Antoine exercised this right, but dismissed her petition to annul the will after reaching a settlement. Further, if Ms. Antoine had any right to bring a claim for the litigation expenses she incurred in challenging the actions of Ms. Clark-Amar and Ms. Jackson, it would have been in the context of the action she brought to annul the will.

petition, the trial court properly dismissed Ms. Antoine's claims against all defendants, with prejudice.[6] See La. C.C.P. art. 934; *O'Brock v. White*, 18-1345 (La. App. 1st Cir. 4/12/19), 276 So.3d 178, 184.

## CONCLUSION

For the reasons assigned, the August 30, 2018 judgment of the trial court dismissing, with prejudice, the claims of plaintiff, Jacquelyn Antoine, against defendants, the East Baton Rouge Council on Aging, the City of Baton Rouge/Parish of East Baton Rouge, the State of Louisiana through the Governor's Office of Elder Affairs, Southern University of Louisiana, Dytasha Clark-Amar, and Dorothy Jackson, is affirmed. Plaintiff is to pay all costs of this appeal.

**AFFIRMED.**

---

[6] Because we conclude Ms. Antoine's claims against all defendants were properly dismissed on exceptions of no right of action, we pretermit consideration of the remaining exceptions sustained by the trial court.