BOLIN, Judge.
Joe Wilson died on September 20, 1967. By his purported will he named Harold Chappie as his testamentary executor, without bond, and universal legatee. Wilson’s wife, Irma Turner Wilson, predeceased him and allegedly, by her will, appointed Samuel Emanuel as executor and residuary legatee, and named Mary Stewart Emanuel as special legatee. Five days after the death of Joe Wilson, and prior to any succession proceedings, Samuel Emanuel filed a petition requesting that he be given notice of the filing of an application for appointment of an administrator. The next day (September 26, 1967) a nun-cupative will by private act of Wilson was duly admitted to probate and Harold Chap-pie was confirmed as testamentary executor without any notice being given to Emanuel.
The instant proceeding was filed by Samuel Emanuel seeking a rule to show cause why Chappie should not be removed as executor since the requested notice was not given. Subsequently, Samuel Emanuel, joined by Mary Stewart Emanuel, petitioned the court to set aside and annul the will of Joe Wilson because of alleged defects therein. The lower court sustained an exception of no cause or right of action against the request to annul the will on the ground the Emanuels had failed to allege they were heirs who would be entitled to inherit in the Succession of Joe Wilson in the absence of a will or if the will was declared null and void.
On the merits of the issue of the necessity of giving notice for the appointment of an administrator the lower court decided the provision of La.C.C.P. 3091, requiring notice of application for appointment as administrator, applied to appointment of administrators in intestate successions and not to the confirmation of testamentary executors. From these two rulings the Eman-uels appeal. Chappie answers the appeal and objects to the wording of the judgments designating Samuel Emanuel as residuary legatee and testamentary executor of the estate of Irma Turner Wilson, particularly as it relates to the costs to be paid in such representative capacity.
The appeal presents two issues:
(1) Do parties who do not allege they are heirs of a decedent entitled to inherit in the absence of a will have a right to institute proceedings to annul the will?
(2) Where a party files a petition under La.C.C.P. 3091 within ten days of the death of the deceased entitling him to notice before the appointment of an administrator, does this include the right to be notified in the case of the confirmation of a testamentary executor?
Giving consideration to the issues in the order stated, we think the lower court correctly held the Emanuels did not have a right or cause of action to contest the validity of the will of Joe Wilson. La.C. C.P. Article 681 provides:
"Except as otherwise provided by Law, an action can be brought only by a person having a real and actual interest which he asserts.”
*604 In Succession of Vicknair, 126 So.2d 680 (La.App. 4 Cir. 1961 cert. den.), it was held:
“At the outset we must notice ex-officio that petitioners Arille Vicknair, Lionel Vicknair, Mrs. Bluette Vicknair Messina and Arsene Vicknair Duhe, the brothers and sister of Ludovic J. Vicknair, have no right to prosecute the suit and stand in judgment thereon for the reason that they are not heirs at law of said decedent.
“The inventory shows all property left by Mr. and Mrs. Vicknair to be assets of the community of acquets and gains which existed between them. They left neither children, other descendants, nor ascendants, and adopted no one. Therefore, under Art. 915, LSA-C.C., if Ludovic J. Vicknair’s will and testament were to be annulled and he declared to have died intestate, his surviving wife, now herself deceased, would be adjudged to have inherited his undisposed of share of the community property in full ownership and the property so inherited would now belong to her estate. Said petitioners have no interest to seek the annulment of Lud-ovic J. Vicknair’s will as its nullity would avail therq nothing and they must be eliminated from the case. An action can be brought only by a person having a real and actual interest which he asserts. C.P. art 15; LSA-C.C.P. art. 681. In Dazio v. Wainwright, La.App., 81 So.2d 96, 97, * * *.”
Nowhere in plaintiffs’ petition do they allege they are the heirs of Joe Wilson. Should the will of Joe Wilson be declared null the property owned by Joe Wilson could not be inherited by plaintiffs and the fact that they state the will of Joe Wilson disposed of property belonging to the Succession of Irma Turner Wilson, contrary to the interests of petitioners, does not give them, nor does it state that it gives them, an interest in the Succession of Joe Wilson. Whether his will is valid or invalid Joe Wilson could not dispose of property he did not own. Therefore, we conclude the lower court correctly sustained the exception of no cause or right of action.
On the merits of the motion, plaintiffs allege under Article 3091 of the Code of Civil Procedure they were entitled to notice before appointment of an administrator in the Succession of Joe Wilson. Article 3091 provides :
“An interested person desiring to be notified of the filing of an application for appointment as administrator, at any time after the death of the deceased, may petition the court in which the succession has been opened, or may be opened, for such notice.
“A petition for such notice shall comply with Article 3092, shall bear the number and caption of the succession proceeding, and shall be docketed and filed by the clerk in the record thereof.
“When a petition for such notice has been filed within ten days of the death of the deceased, or prior to the application for appointment as administrator, the applicant for appointment shall serve the notice prayed for, as provided in Article 3093.”
Appellants further contend the lower court erred in failing to comply with the procedural provisions of La.C.C.P. 3094:
“The court shall order the taking of an inventory, or the filing of a descriptive list as provided in Article 3136, of the property of the deceased upon the filing of an application for appointment as administrator.
“If notice of the application for appointment is required under Articles 3091 through 3093, the court shall assign a date and hour for a hearing on the application, which shall be held not earlier than the eleventh day after the mailing or delivery of such notice. If no such notice is required, and ten days have elapsed since the death of the deceased, the court may appoint the applicant as adminis *605 trator forthwith, unless he is disqualified under Article 3097.”
Plaintiffs point out that Article 3182 of the Code of Civil Procedure provides:
“The court may remove any succession representative who * * * has failed to give notice of his application for appointment when required under Article 3093. “The court on its own motion may, and on motion of any interested party shall order the succession representative sought to be removed to show cause why he should not be removed from office. The removal of a succession representative from office does not invalidate any of his official acts performed prior to his removal.”
They urge, in view of the articles quoted above, the court should have rendered judgment removing Harold Chappie as testamentary executor of the Succession of Joe Wilson.
We note that Articles 3091, 3092, 3093 and 3094, relied upon by appellants, are found in Section 2 of Title III of Book VII Code of Civil Procedure, applying to administrators. In the present case Harold Chappie is a testamentary executor of the Succession of Joe Wilson and, as such, is governed by the provisions of articles dealing with executors which are found in Section 1 of the title and book referred to above. Article 3081 of the Code of Civil Procedure provides for the confirmation of executors. This article states:
“After the probate of the testament, or after its production into court as provided by Article 2891 if it is a nuncupative testament by public act, the person named as executor therein may petition the court for confirmation, and for the issuance of letters testamentary. If he files the original petition for the execution of the testament, he may pray therein for the issuance of letters.”
We have been cited to no codal article or statute requiring a testamentary executor to give notice before filing a will for probate. We conclude the judgment of the lower court was correct on this issue as well as that previously discussed.
With reference to the answer of Chappie objecting to the wording of the judgments designating Samuel Emanuel as testamentary executor and residuary legatee under the will of Irma Turner Wilson we find the record is devoid of evidence attesting to the qualifications of Samuel Emanuel as testamentary executor of the Succession of Irma Turner Wilson or that such succession should be held liable for costs of these proceedings.
For the reasons assigned the judgments appealed from are amended to eliminate the designation of Samuel Emanuel as testamentary executor and residuary legatee in that portion of the judgments assessing costs against him in his representative capacity.
As amended, the judgments appealed from are affirmed at appellants’ costs.