OWEN, Judge.
Three years after a final judgment of divorce was entered, the former wife filed her petition in the same cause seeking an order amending the final judgment relative to certain real property described therein. Denying the former husband’s motion to dismiss for lack of jurisdiction, the successor to the judge who had entered the original judgment entered an amended judgment without benefit of any evidence requiring the former husband (appellant herein) to convey the described real property to the former wife, failing which the amended judgment would act as such conveyance.
The issue presented is whether the trial court erred in entering the amended judgment; Appellee, apparently in tacit recognition of the fact that neither the petition to amend nor the amended judgment would meet the requirements of or otherwise qualify under either Rule 1.530 RCP or Rule 1.540 RCP, contends that both the petition and order were mis-labeled, and that they are actually cognizable under Rule 1.-570 RCP[1] as a petition and order enforcing final judgment.
*255 In February 1971 appellee filed her complaint for divorce in which she also sought alimony, attorney’s fees and a determination of her property rights in a certain house trailer. Appellant filed an answer in which he asserted that “the parties own a tract of land in Orange County, Florida, near Apopka, Florida, as tenants in common,” and in which he prayed that “in the event that a divorce is granted, the defendant claims his right, title and ownership in and to the realty . . apparently referring to the above-mentioned tract of land which was not otherwise described. The divorce case was heard before Circuit Court Judge George E. Adams and although the final judgment reflects that the court heard testimony of the parties “and the witnesses of plaintiff,” such testimony was not made a part of the record. The final judgment entered by Judge Adams contained in its findings the following:
“4. The real property described as:
East °f Southwest 14 of Southeast 14 °f Township 20 South, Range 27 East, Tract 11, Plat of W. P. KELLY,
in which defendant claimed an interest as a tenant in common was given as a bona fide and valid gift by defendant to plaintiff prior to the marriage of the parties.”
The decretal portion of the final judgment contained no reference to the described real property. The final judgment was entered June 21, 1971 and neither party filed petition for rehearing or took an appeal.
In August 1974, appellee filed her petition alleging in essence that the real property described in the final judgment had been found by Judge Adams to be the property of petitioner but that when she sought to sell the same a title insurance company required that she first obtain a quit-claim deed from the former husband and thus she wanted the final judgment amended so as to require him to execute and deliver such quit-claim deed conveying the described property or in the alternative, that the amended judgment act as such conveyance. As stated, this petition was heard by the successor to Judge Adams who without the benefit of any testimony, denied the former husband’s motion to dismiss the petition and enter the amended judgment.
We have recited above all pertinent portions of the final judgment. Obviously, upon the court’s finding that the described real property had been a gift from the former husband to the former wife prior to their marriage, it deemed there to be no necessity for the judgment to 'require performance of any specific act, as for example, for the execution and delivery by the former husband of a conveyance of the real property. If there had been such a necessity (as for example, if the record title to said property was vested either solely or partly in the husband’s name) the final judgment should have expressly required the husband to execute and deliver a conveyance of his interest in the property and the omission of such a requirement would have been, at most, a mistake or inadvertence correctable upon timely motion filed pursuant to Rule 1.540(b) RCP. The judgment as entered required nothing in reference to the real property, and hence there simply was nothing to be enforced under Rule 1.570 RCP.
If the petition was, as denominated, a motion to amend the final judgment, it should have been dismissed upon appellant’s motion. If it was, as now claimed, a motion to enforce the final judgment, it should have been denied as there was nothing in the final judgment relative to the real property which required enforcement. Accordingly, we reverse the order amending the final judgment and upon remand direct that appellee’s petition be dismissed without prejudice to appellee’s rights to seek such remedy as may be available to her to clear the title to the real property which she claims.
Reversed and remanded.
CROSS and DOWNEY, JJ., concur.

. “Rule 1.570. Enforcement of Final Judgments
Final process to enforce any judgment may be by execution or other appropriate process or proceedings if the judgment is solely for the payment of money. If the judgment is for the performance of any specific act, as for example, for the execution of a conveyance of land or the delivering of deeds or other documents, the judgment shall prescribe the time within which the act shall be done and upon affidavit that the judgment has not been complied with within the prescribed time, the clerk shall issue a writ of attachment against the delinquent party, from which he shall not be discharged except upon a full compliance with the judgment and the payment of all costs or upon a special order of the court enlarging the time for the performance thereof. If the delinquent party cannot be found, a writ of sequestration shall issue against his estate to compel obedience to the judgment. When a judgment is made for a conveyance, release or acquittance of land or any interest therein and the party against whom the judgment is entered does not comply therewith by the time prescribed, then such judgment shall be considered to have the same operation and effect as if the conveyance, release or acquittance had been executed conformably to it; notwithstanding any disability of such parties by infancy, lunacy, coverture or otherwise. If any other judgment, injunction or mandatory order for the specific performance of any act or contract is not complied with, the court may hold the disobedient party for contempt or may sequestrate his property or order that the act required be done, so far as practicable, by some other person appointed by the court at the cost of the disobedient party and the act, when so done, shall have like effect as if done by such party.”