527 So.2d 30 (1988)
ESTATE OF Leonore Marks MALLET, PlaintiffAppellee,
v.
Emery MALLET, Lee Mallet, Lillis Mallet Hebert and Burnice Mallet Marks, DefendantsAppellants.
No. 87-215.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1988.
Writ Denied June 2, 1988.
Alfred O. Pavy, Opelousas, for plaintiff-appellee.
Ellen M. Walker, Lafayette, for defendants-appellants.
Before GUIDRY, DOUCET and KNOLL, JJ.
DOUCET, Judge.
The defendants-appellants, Emery Mallet, Lillis Mallet Hebert, Burnice Mallet Marks, and Lee Mallet, appeal from a judgment *31 of the Twenty-seventh Judicial District Court, sustaining the plaintiff-appellee's exception of no right of action.
The appellants are legatees in a will executed by Leonore Marks Mallet on January 27, 1986. Mrs. Mallet died on February 23, 1986. Leonore Mallet was married to Moise Mallet who predeceased her. Of that marriage, no children were born or adopted. Moise Mallet, the deceased's husband, had a brother and sister, Robert and Idahide. Both Robert and Idahide predeceased Leonore Mallet. The plaintiffs are the children of Robert Mallet.
Prior to the execution of the 1986 will, Leonore Mallet attempted to execute a will on August 19, 1975. The plaintiffs were named as legatees in that will also. The 1975 will was found to be invalid on its face, by the trial court, as it purports to be a statutory will as provided for in LSA-R. S. 9:2442, but lacks the signature of the notary public.
The plaintiffs filed a petition to nullify the 1986 will, claiming they were nieces and nephews of the deceased, and that the deceased lacked the mental capacity to execute the will when it was executed on January 27, 1986. Mr. Sam Guidry, the testamentary executor, filed a peremptory exception alleging that the plaintiffs were not nieces and nephews of the deceased, except by marriage, and thus had no right to contest the will. The plaintiffs amended their petition to state that they are all particular legatees in the will executed in 1986, as well as the will purportedly executed in 1975. Mr. Guidry again filed an exception of no right of action, which was argued before the trial court. The trial court sustained the exception, dismissing the plaintiffs' petition with prejudice.
LSA-C.C.P. art. 2972 provides:
"ART. 2972. OPPOSITIONS
An opposition to the petition, motion, or other application of a party to a succession proceeding for an order or judgment of the court shall be in writing and be filed within the delay allowed. It shall comply with the provisions of Articles 853 through 863; shall state the name, surname, and domicile of the opponent; shall allege the interest of opponent in filing the opposition, and the grounds for opposing the petition, motion, or other application; and shall conclude with a prayer for appropriate relief."
For one to be allowed to oppose a succession proceeding, one must have a justiciable interest in doing so. One must therefore be able to benefit from the attack. Succession of Kilpatrick, 356 So.2d 1083 (La.App. 2nd Cir.1978), writ denied 359 So. 2d 198 (La.1978), appeal after remand, 422 So.2d 464 (La.App. 2nd Cir.1982), writ denied 429 So.2d 126 (La.1983). The interest may come in the form of being named as executor of the estate, see Kilpatrick, supra, or as attorney for a succession, see Succession of Pope, 230 La. 1049, 89 So.2d 894 (La.1956), or gaining an interest as an heir or legatee.
Introduced into evidence at the hearing of this exception was the deposition of the notary who confected the 1975 will. The exception of no right of action challenges the plaintiffs' interest to institute suit. Evidence is admissible on the trial of the exception of no right of action to controvert or support the objections pled, when the grounds therefor do not appear from the petition. No. Central Util. v. East Columbia Water Dist., 449 So.2d 1186 (La.App. 2nd Cir.1984); LSA-C. C.P. art. 927.
The plaintiffs are legatees in the 1986 will, but yet seek to invalidate it. If the plaintiffs were capable of inheriting under the 1975 will, then a valid interest would exist for the plaintiffs to contest the 1986 will. However, it is clear that the 1975 will, which is properly in evidence and before the Court, is totally invalid, as the notary failed to sign it. The plaintiffs are seeking to invalidate the only will they may benefit from, and thus seek to lose any justiciable interest by the will's invalidation, as the plaintiffs are not heirs and get nothing if the succession becomes intestate.
The plaintiffs argue that their justiciable interest lies in a future malpractice suit against the notary who was supposed to *32 sign the 1975 will, if the 1986 will is invalidated. This future contingency is far removed from the justiciable interest LSA-C. C.P. art. 2972 and its comments refer to. Further, the plaintiffs are contradictorily claiming a right, i.e. to be legatees, the same right that they are trying to invalidate or deny themselves.
For the above reasons, the judgment of the trial court, sustaining the defendant-appellee's exception of no right of action is affirmed. The plaintiffs-appellants are to pay all costs of this appeal.
AFFIRMED.