# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-1089


## SUCCESSION OF JOSEPH AMES GUIDRY


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 13554
HONORABLE PAUL J. DEMAHY, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


## ELIZABETH A. PICKETT
## JUDGE


**\*\*\*\*\*\*\*\*\*\***


Court composed of Glenn B. Gremillion, Elizabeth A. Pickett, and J. David Painter, Judges.


**AFFIRMED.**



**Randy P. Angelle**
**Bernard & Angelle**
**224 St. Landry Street, Suite 2-F**
**P.O. Box 3265**
**Lafayette, LA 70502-3265**
**Counsel for Appellee:**
  **William Jerry Guidry, Jr.**


**James L. Brazee Jr.**
**Brazee, Cormier & Gallaspy**
**2901 Johnston St., #206**
**Lafayette, LA 70503**
**Counsel for Appellant:**
  **Gail Guidry**

**Pickett, Judge**.

Intervenor, Gail Guidry, the only daughter of the deceased, Joseph Ames Guidry, appeals a judgment of the trial court sustaining an exception of no right of action and dismissing her intervention. We affirm the judgment of the trial court.

## FACTS

Joseph Ames Guidry died on September 27, 2004. He had been married once, to Ruth Hebert Guidry, which marriage ended in divorce. One child was born of the marriage, the appellant, Gail Guidry. Before his death, Mr. Guidry executed three notarial testaments, the first on March 28, 2001, the second on December 19, 2002, and the third, the will at issue, on March 18, 2003. The first two testaments left the whole of his estate to the Navy-Marine Corps Relief Society. The third and final testament left the whole of his estate to his nephew, William Jerry Guidry Jr. That testament was submitted for probate, in these proceedings, on October 4, 2004.

Thereafter, on November16, 2004, the intervenor/appellant, Gail Guidry filed a "Petition To Annul Probated Testament" in these proceedings alleging that at the time the third testament was executed, the deceased was in the advanced stages of Alzheimer's disease and thus lacked the capacity to execute a new testament and/or that the universal legatee, William Jerry Guidry Jr., "exercised undue influence over the decedent so as to substitute his own volition for that of the decedent."

William Jerry Guidry Jr. filed a peremptory exception of no right of action on February 17, 2006. The trial court sustained the exception and this appeal followed.

## LAW AND DISCUSSION

Louisiana Code of Civil Procedure Article 681 states: "Except as otherwise provided by law, an action can be brought only by a person having a real and actual

1

interest which he asserts." A persons who is not an heir of the testator can not maintain an action to annul the testator's will. *Succession of Gardiner*, 366 So.2d 1065 (La.App. 3 Cir.), *writs denied*, 369 So.2d 154, and 369 So.2d 156 (La.1979); *Succession of Wilson*, 210 So.2d 602( La.App. 2 Cir.), *writ refused*, 252 La. 838, 214 So.2d 162 (La.1968), *appeal dismissed, certiorari denied*,89 S.Ct. 1465, 394 U.S. 713, *appeal dismissed, certiorari denied*, 89 S.Ct. 1470, 394 U.S. 713.

In *Estate of Mallet v. Mallet*, 527 So.2d 30 (La.App. 3 Cir.1988), *writ denied*, 528 So.2d 155 (La.1988) we stated the following:

C.C.P. art. 2972 provides:

> " ART. 2972. OPPOSITIONS
>
> An opposition to the petition, motion, or other application of a party to a succession proceeding for an order or judgment of the court shall be in writing and be filed within the delay allowed. It shall comply with the provisions of Articles 853 through 863; shall state the name, surname, and domicile of the opponent; shall allege the interest of opponent in filing the opposition, and the grounds for opposing the petition, motion, or other application; and shall conclude with a prayer for appropriate relief."

> For one to be allowed to oppose a succession proceeding, one must have a justiciable interest in doing so. One must therefore be able to benefit from the attack. *Succession of Kilpatrick*, 356 So.2d 1083 (La.App. 2nd Cir.1978), writ denied 359 So.2d 198 (La.1978), appeal after remand, 422 So.2d 464 (La.App. 2nd Cir.1982), writ denied 429 So.2d 126 (La.1983). The interest may come in the form of being named as executor of the estate, see *Kilpatrick*, supra, or as attorney for a succession, see *Succession of Pope*, 230 La. 1049, 89 So.2d 894 (La.1956), or gaining an interest as an heir or legatee.

In the case sub judice, Gail Guidry would neither inherit nor share in any inheritance from the testator, her father, even if the testament were annulled. The Louisiana Supreme Court discussed the exception of no right of action in *Badeaux*

2

*v. Southwest Computer Bureau, Inc.*, 05-0612, pp. 6-7 (La. 3/17/06), 929 So.2d 1211, 1216-17:

> [T]he focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit . . . .
>
> The function of an exception of no right of action is a determination of whether plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition. La. C.C.P. art. 927; *Turner v. Busby*, 03-3444, p. 4 (La.9/9/04), 883 So.2d 412, 415. The exception of no right of action serves to question whether the plaintiff in the particular case is a member of the class of persons that has a legal interest in the subject matter of the litigation. *Id.*

Inasmuch as she would not gain an interest as an heir of the legatee, she does not belong to "the class of persons that has a legal interest in the subject matter of the litigation."

Accordingly, for the reasons stated, the judgment of the trial court is affirmed. All costs of this appeal are assessed against appellant, Gail Guidry.

**AFFIRMED.**